```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


JACKIE VICKERS,                      )
                                     )
     Plaintiff,                      )
                                     )
vs.                                  )    CIVIL ACTION 09-00069-CG-B
                                     )
OFFICE OF CHILD SUPPORT,             )
ENFORCEMENT, QUINCY, FLORIDA,        )
                                     )
     Defendant.                      )
```

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Office of Child Support Enforcement's Motion to Dismiss (Doc. 6). The undersigned has carefully considered the arguments submitted in support of and in opposition to the motion. For the reasons set forth herein, the undersigned RECOMMENDS that Defendant's Motion be granted.

Plaintiff Jackie Vickers filed the instant action on February 10, 2009 against Defendant Office of Child Support, Quincy, Florida, c/o Carol King, Department of Revenue, Child Support Enforcement. (Doc. 1). Plaintiff seeks to bring this action pursuant to the Fourth, Ninth, and Fourteenth Amendments to the U.S. Constitution. He alleges that Defendant wrongfully intercepted his 2006 federal tax refund, in the amount of $1643, for back Child Support. Plaintiff contends that he does not owe back support. He further alleges that although Defendant was aware that no back child support was owed, it provided false information to the U.S. Department of Treasury and ignored the fact that the Circuit Court of Escambia County, Alabama had modified his child support obligation in an

Order dated May 20, 2005.  Plaintiff also accuses Defendant of harassment and seeks a monetary award for compensatory damages, mental anguish, and punitive damages.

Defendant filed the instant motion which alleges that Plaintiff's Complaint should be dismissed because it is frivolous. Defendant argues that Plaintiff's claims are barred by the Eleventh Amendment because Defendant is an agency of the state, and as a result, Plaintiff's claims are in effect claims against the state, and are thus barred by the Eleventh Amendment.  Defendant also asserts that this Court lacks personal jurisdiction over the State of Florida, and the named agency, because they have no contacts with the State of Alabama.

The Eleventh Amendment bars suit in federal court against an "arm of the state" except where such immunity is waived by the state or is abrogated by Congress. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A state may consent to federal jurisdiction, but this waiver of sovereign immunity must be expressly done. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-40, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985).

In Turbeville v. Office of Child Support Enforcement, 2007 U.S. Dist. LEXIS 68433 (N.D. Fla. September 17, 2007)[1], the plaintiff sued the Office of Child Support Enforcement (for the State of Florida) alleging that he had been unlawfully incarcerated for contempt, subjected to civil harassment, public humiliation and

---

[1] The Magistrate Judge's Report and Recommendation was adopted by the District Court. See Turbeville v. Office of Child Support Division, 2007 U.S. Dist. LEXIS 77999(N.D. Fla., Oct. 19, 2007).

2

financial ruin as a result of the agency's wrongful efforts to collect child support from him.  In recommending the dismissal of the plaintiff's claim, the court held:

> "To the extent Plaintiff seeks monetary relief against the Child Support Enforcement (CSE) Office, a division of the Florida Department of Revenue, his claim is barred by the Eleventh Amendment. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355-56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the state agency in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Harden v. Adams, 760 F.2d 1158, 1163-64 (11th Cir. 1985)(holding that Eleventh Amendment bars suit against Troy State University because it is an agency and instrumentality of the state under Alabama law).  Therefore, to the extent Plaintiff seeks monetary damages against the CSE Office of the Florida Department of Revenue, his claims are barred by the Eleventh Amendment".

Id.

In the case sub judice, Plaintiff is suing the Office of Child Support Enforcement for the State of Florida.  Defendant alleges that it is a state agency, and Plaintiff has not refuted Defendant's assertion.  Moreover, the Tuberville decision supports Defendant's assertion.  Additionally, Plaintiff has not alleged, let alone offered any facts, which suggest that the State of Florida has waived its immunity for such suits, or that its immunity has been abrogated by the Congress.  Accordingly, the undersigned finds that Plaintiff's claims for monetary damages are essentially claims

against the State of Florida, and as such, they barred by the Eleventh Amendment.

To the extent Plaintiff is asserting state tort claims, pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367, the undersigned recommends the dismissal of such claims because Plaintiff has not established that Defendant has sufficient contacts with the State of Alabama which would warrant the exercise of personal jurisdiction over Defendant. See Burnham v. Superior Court of Cal., 495 U.S. 604, 618, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990)(Due process requires: (1) that the defendant have "certain minimum contacts" with the forum state, and (2) if such minimum contacts exist, that the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice."). Plaintiff has presented nothing about Defendant's exercise of its authority to collect child support payments which suggests that Defendant should have anticipated being haled into an Alabama court.

For the reasons discussed herein, the undersigned RECOMMENDS that Defendant's Motion be granted.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this the **2nd** day of **April, 2009.**

            **/s/ Sonja F. Bivins**
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.